UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

DERREK PANNELL,

                 Petitioner,

         -against-

UNITED STATES,

             Respondent.

------------------------------------------------------------ x

**OPINION & ORDER**

06-cr-578 (NG)
16-cv-3496 (NG)

GERSHON, United States District Judge:

Petitioner Derrek Pannell seeks relief under 28 U.S.C. § 2255, through two separate motions, from his September 25, 2007 conviction, following a jury trial, of conspiracy to assault and rob employees of the United States Postal Service by use of a dangerous weapon in violation of 18 U.S.C. § 371 (Count One), armed postal robbery in violation of 18 U.S.C. § 2114(a) (Count Two), and an associated count of unlawful use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), in furtherance of Count Two (Count Three). For the reasons that follow, the motions are denied.

I.       Procedural Background

On April 7, 2009, the Second Circuit affirmed petitioner's conviction and sentence. *United States v. Pannell*, 321 F. App'x 51 (2d Cir. 2009), *cert. denied*, 558 U.S. 1019. He later filed his first motion under 28 U.S.C. § 2255 alleging that his attorneys at trial and sentencing were ineffective. I denied that motion on April 15, 2014. *Pannell v. United States*, 2014 WL 1478847 (E.D.N.Y. Apr. 15, 2014). The Second Circuit denied Mr. Pannell's motion for a certificate of appealability. *Pannell v. United States*, No. 14-4223 (2d Cir. Apr 15, 2015).

On June 24, 2016, counsel from the Federal Defenders of New York appeared on behalf of petitioner and filed a motion pursuant to § 2255, arguing that, after *Johnson v. United States*, 576 U.S. 591 (2015), petitioner's conviction under 18 U.S.C. § 924(c) could not stand because neither Count One nor Count Two qualified as a "crime of violence."  I stayed the motion pending the Second Circuit's decisions in two cases addressing the definition of a "crime of violence" under 18 U.S.C. § 924(c): *United States v. Hill*, 890 F.3d 351 (2d Cir. 2018) (amended opinion) and *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018) ("*Barrett I*"), *rev'd in relevant part by United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019) ("*Barrett II*").

Following the Second Circuit's decisions in *Hill* and *Barrett II*, petitioner's counsel filed supplemental briefing on February 5, 2020.  Mr. Pannell later filed a supplemental brief on his own behalf on June 4, 2020 but moved to withdraw it on June 22, 2020.  Petitioner, proceeding *pro se*, submitted another § 2255 motion dated June 18, 2020 to the Second Circuit Court of Appeals, seeking permission to file a successive petition.  The Circuit forwarded that motion to this court under Fed. R. App. P. 4(d) on July 9, 2020.[1]  On August 10, 2020, petitioner filed further briefing in this court in support of his *pro se* motion.  In both the counseled and *pro se* § 2255 motions, Mr. Pannell argues that his conviction under § 924(c) was unconstitutional and must be vacated.

On September 4, 2020, I found, *sua sponte*, that I lacked jurisdiction to adjudicate the motions absent authorization from the Circuit.  I therefore transferred them to the Second Circuit pursuant to 28 U.S.C. § 1631 and § 2244(b)(3).  *See United States v. Larkins*, 670 F. App'x 1 (2d

---

[1] Federal Rule of Appellate Procedure 4(d) addresses when notices of appeal are mistakenly filed in the circuit court as opposed to the district court.  As a result, in forwarding the petition to the district court, the Second Circuit did not authorize a successive petition.

Cir. 2016), *as amended* (Nov. 8, 2016) (summary order); *Torres v. Senkowski*, 316 F.3d 147, 151–52 (2d Cir. 2003).

On May 3, 2021, a panel of the Second Circuit certified, as required under 28 U.S.C. § 2244, that petitioner had made a *prima facie* showing that the proposed § 2255 motions satisfy the requirements of 28 U.S.C. § 2255(h)(2), in that they address a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Pannell v. United States*, No. 20-3034 (2d Cir. May 3, 2021). As a result, the Circuit granted petitioner's motion for leave to file a successive § 2255 motion and transferred the petitions to me for adjudication, with instructions to

> determine in the first instance, according to the modified categorical approach, *see Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016), whether substantive § 2114 postal robbery is a "crime of violence," 18 U.S.C. § 924(c)(3)(A); that is, whether the least culpable conduct punishable under § 2114 (or, if it is divisible, its relevant component) involves "the use, attempted use, or threatened use of physical force," *id*.; *see, e.g., Board v. United States*, 2d Cir. 16-2031, doc. 48 (3/15/2021 order). . . . As a consequence of this order, the district court will have the preliminary task of determining whether the claims in Petitioner's § 2255 motion—as to which we have only concluded that a prima facie showing has been made—satisfy the threshold requirements governing successive § 2255 motions, including those set forth in 28 U.S.C. §§ 2244(a), 2244(b)(3)-(4), and 2255(h). *See Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018) (per curiam).

*Id*.

## II.    Petitioner's Convictions

At trial, petitioner was convicted of three offenses: conspiracy, armed postal robbery, and unlawful use of a firearm. The first count charged petitioner, together with others, under 18 U.S.C. § 371, with

> knowingly and willfully conspir[ing] to assault and rob persons having lawful charge, control and custody of property of the United States, to wit: a quantity of money and mail matter, which property belonged to the United States Postal

> Service, and put such persons' lives in jeopardy by the use of a dangerous weapon.

Petitioner was sentenced to five years' imprisonment on the conspiracy conviction. The second count charged petitioner, under 18 U.S.C. § 2114(a), with

> knowingly and intentionally assault[ing] and rob[bing] persons having lawful charge, custody and control of property of the United States, to wit: a quantity of money and mail matter, which property belonged to the United States Postal Service, and put such persons' lives in jeopardy by the use of a dangerous weapon.

Petitioner was sentenced to 18 years' imprisonment on the armed postal robbery conviction, to run concurrently with the conspiracy sentence.

Petitioner was also charged with and convicted of violating § 924(c)(1)(A)(ii), which requires the imposition of an additional term of imprisonment of no less than seven years for a defendant who, "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . if the firearm is brandished. . . ." The phrase "crime of violence" is separately defined in the statute through two provisions: an elements clause and a residual clause. Under the elements clause, a crime of violence is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," whereas the residual clause defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the crime." 18 U.S.C. § 924(c)(3)(A)–(B). Petitioner was sentenced to a mandatory seven years' imprisonment for his conviction on Count Three, to run consecutively to the sentences on the conspiracy and armed postal robbery convictions.

### III.     Recent History of 18 U.S.C. § 924(c)

In *Johnson*, the Supreme Court found unconstitutionally vague the residual clause of the Armed Career Criminal Act ("ACCA"), which subjects repeat offenders to enhanced sentences for any "violent felony" that "involves conduct that presents a serious potential risk of physical injury to another," a provision that closely tracks the language in the residual clause of § 924(c). *Johnson*, 576 U.S. at 593; *compare* 18 U.S.C. § 924(e)(2)(B)(ii) *with* 18 U.S.C. § 924(c)(3)(B). The Court found that the ACCA did not adequately put defendants on notice of behavior that could subject them to enhanced penalties.  *Id.* at 597.  While the residual clause was stricken, the ACCA's elements clause, which mirrors the elements clause of § 924(c), survived.  *Johnson*, 576 U.S. at 606; *see also Stokeling v. United State*s, 586 U.S. ___, 139 S.Ct. 544, 550 (2019); *compare* 18 U.S.C. § 924(e)(2)(B)(i)  *with* 18 U.S.C. § 924(c)(3)(A).

In assessing whether the elements of an offense qualify as a "crime of violence" under § 924(c)(3), the Second Circuit utilizes the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990).  *Hill*, 890 F.3d at 55.  Under the categorical approach, courts must look only to the statutory definition of an offense—not to the particular underlying facts—in order to determine whether the offense qualifies as a crime of violence.  *Id.*; *Taylor*, 495 U.S. at 600.  To determine what the elements underlying a petitioner's conviction are, a court must first determine whether the statute is divisible.  A statute is considered divisible if it sets out one or more crimes in the alternative.  *Descamps v. United States*, 570 U.S. 254 (2013).  "If statutory alternatives carry different punishments, then . . . they must be elements."  *Mathis v. United States*, 579 U.S. __, 136 S.Ct. 2243, 2256 (2016).  Under this "modified categorical approach," a court may review "a limited class of documents, such as indictments and jury instructions, to

determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 570 U.S. at 257.

A wave of litigation followed the Supreme Court's decision in *Johnson* to determine the scope of the decision's application, and the Second Circuit was soon called upon to interpret *Johnson* in the context of a robbery under 18 U.S.C. § 1951(b)(1) ("Hobbs Act robbery"), in *United States v. Hill*.   In *Hill*, the Second Circuit found that, applying the categorial approach, a substantive Hobbs Act robbery satisfies § 924(c)(3)(A)'s elements clause and is a "crime of violence." *Hill*, 890 F.3d at 53, 60; *see also Barrett II*, 937 F.3d at 128.   That same year, in *Barrett I*, the Second Circuit found that conspiracy to commit a Hobbs Act robbery was a crime of violence under both the elements and the residual clauses of § 924(c)(3).   *Barrett I*, 903 F.3d at 174–84.   A year later, in *Barrett II*, the Second Circuit was compelled by the Supreme Court's intervening decision in *United States v. Davis*, 588 U.S. ___, 139 S.Ct. 2319 (2019), to reconsider and reverse its opinion in *Barrett I*.   Relying on *Davis*, the *Barrett II* Court held that conspiracy to commit a Hobbs Act robbery is not a qualifying predicate for a conviction under § 924(c) and confirmed that the definition of a crime of violence in the § 924(c)(3)(B) residual clause is "unconstitutionally vague."   *Barrett II*, 937 F.3d at 127–29 (quoting *Davis*, 139 S.Ct. at 2336).

## IV.   Discussion

As already found by the Second Circuit in *Board v. United States*, No. 16-2031 (2d Cir. Mar. 15, 2021), section 2114, the postal robbery statute of which petitioner was convicted, is divisible into at least two distinct offenses:  the base offense and a separate aggravated offense. The base offense provides as follows:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of

6

> the United States, with intent to rob, steal, or purloin such mail
> matter, money, or other property of the United States, or robs or
> attempts to rob any such person of mail matter, or of any money,
> or other property of the United States, shall, for the first offense, be
> imprisoned not more than ten years. . . .

18 U.S.C. § 2114(a). I begin my analysis by finding that the base offense is itself divisible as it lists multiple elements disjunctively and, thus, may be violated (1) by an assault with an intent to rob, steal, or purloin or (2) by an attempted or completed robbery. The aggravated offense applies "if in effecting or attempting to effect such robbery [a defendant] wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense" and carries with it an increased maximum punishment of twenty-five years' imprisonment. *Id*. Because it lists three elements in the alternative, thereby defining multiple crimes, I find that the aggravated offense is further divisible. *See Williams v. United States*, 794 F. App'x 612, 614 (9th Cir. 2019). Based upon the superseding indictment, the jury charge, and the verdict sheet, I find that petitioner was convicted, under Count Two, of the aggravated offense of armed postal robbery which placed the victim's life in jeopardy by the use of a dangerous weapon.

Having found that the "life in jeopardy" element of the aggravated offense applies, I must next "determine whether that clause (in conjunction with the required assault or robbery) may be satisfied without 'the use, attempted use, or threatened use of physical force.'" *Board*, No. 16-2031 (2d Cir. Mar. 15, 2021) (quoting 18 U.S.C. § 924(c)(3)(A)). I find that it may not. Physical force is defined by the Supreme Court as "force capable of causing physical pain or injury." *Johnson*, 559 U.S. at 140. As to the base offense, the Supreme Court has relied on an analysis of the statutory history and the common law in a case addressing a Hobbs Act robbery to find that robbery has "long required force or violence." *Stokeling*, 139 S.Ct. at 550; *see*

7

*United States v. Knight*, 936 F.3d 495, 500 (6th Cir. 2019).  After *Stokeling*, which held that *Johnson* "does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality[,]" there can be no doubt that armed postal robbery under § 2114(a) qualifies as a predicate crime of violence under § 924(c).  *Stokeling*, 139 S.Ct. at 544.

As for the aggravated offense, of which petitioner was convicted, section 2114(a) provides that, according to the least of the elements required, during such a robbery, a defendant use a dangerous weapon to put a victim's life in jeopardy.  Jeopardy in this context refers to "an objective state of danger, not to a subjective feeling of fear."  *United States v. Donovan*, 242 F.2d 61, 63 (2d Cir. 1957).  The *use* of a dangerous weapon to place a victim's life into an objective state of danger in the course of a robbery thus requires the intentional use, attempted use, or threatened use of physical force.  *E.g.*, *Williams v. United States*, 794 F. App'x 612, 614 (9th Cir. 2019); *Knight v. United States*, 936 F.3d 495, 501 (6th Cir. 2019); *United States v. Thomas*, 703 F. App'x 72, 78 (3d Cir. 2017); *United States v. Enoch*, 865 F.3d 575, 581 (7th Cir. 2017); *United States v. Lloyd*, 2020 WL 4750241, at *11 (E.D.N.Y. Aug. 17, 2020); *see also United States v. Bryant*, 949 F.3d 168, 182 (4th Cir. 2020); *In re Watt*, 829 F.3d 1287, 1290 (11th Cir. 2016).

The Seventh Circuit's decision in *United States v. Rodriguez*, 925 F.2d 1049, 1052 (7th Cir. 1991), upon which the petitioner relies, does not alter this conclusion.  The Second Circuit in *Board* referred the district court in that case to *Rodriguez* and directed it to address whether "a concealed gun permits conviction for the aggravated § 2114 offense in this Circuit," and, if so, to further determine "if that satisfies the § 924(c)(3)(A) force clause."  *Board*, No. 16-2031 (2d Cir. Mar. 15, 2021).  *Rodriguez* has been described there, and in other cases, as involving the

carrying of a concealed gun or a mere gun possession case.[2]  *See, e.g.*, *Board*, No. 16-2031 (2d Cir. Mar. 15, 2021); *Enoch*, 865 F.3d at 582; *Knight*, 936 F.3d at 501.  So treated, I would find that the defendant's conviction of the aggravated offense would not be found sufficient in the Second Circuit, and it could not serve as a predicate under § 924(c)'s force clause.  However, as found by the Sixth Circuit in *Knight*,

> *Rodriguez*'s conclusion that mere possession suffices as "use of a dangerous weapon" to put the victim's life in danger under the statute, even if accepted, does not negate the statutory requirement that in effecting the crime, the victim's life is put in jeopardy by use of the gun.

*Knight*, 936 F.3d at 501 (footnote omitted); *accord Enoch*, 865 F.3d at 581–82.  In sum, the Seventh Circuit's opinion in *Rodriguez* does not alter my opinion that armed postal robbery is a categorical crime of violence under § 924(c) in the Second Circuit, comporting with the Supreme Court's opinion  in *Johnson*.

Finally, while petitioner's counsel does not dispute that petitioner's conviction on Count Three was for actions committed in furtherance of Count Two, petitioner, in his *pro se* submissions, does.[3]  Petitioner argues that it is not clear that the jury's § 924(c) conviction was based on Count Two and, therefore, it is plausible that the jury found him guilty of § 924(c) based on the conspiracy charge, which would be impermissible under *Davis* because conspiracy

---

[2] The Seventh Circuit in *Rodriguez* does not describe the crime there as the mere carrying of a concealed weapon or as mere gun possession.  As described by the *Rodriguez* court, "Mr. Rodriguez had brought the weapon to the scene and given it to his confederate to carry in the confrontation with [the victim]."  *Rodriguez*, 925 F.2d at 1052.  The confederate then took the gun out of his sweater pocket after Rodriguez ripped the mail carrier's keys from his belt loop, and the confederate "threatened [the mail carrier] with the gun in a successful effort to escape."  *Rodriguez*, 925 F.2d at 1051–52.

[3] By authorizing petitioner's § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) based on the holdings of *Johnson* and *Davis*, the Second Circuit conferred jurisdiction on this court over the entire application—not merely those topics specifically mentioned in the Mandate.  *See United States v. MacDonald*, 641 F.3d 596, 615 (4th Cir. 2011).  I therefore consider all issues raised in the counseled and *pro se* motions.

9

does not require the use, attempted use, or threatened use of physical force. Petitioner asserts that, "without a detailed verdict sheet [it is] impossible to extricate the conspiracy charged in count one, 18 U.S.C. § 371, from the other charged predicate offense in count two, 18 U.S.C. § 2114. . . ."

In fact, the verdict sheet in this case required the jurors to indicate "which of the underlying Counts were furthered by the use of a firearm." The jury checked the box for "Count Two only," and did not check the boxes for "Count One only" or "Both." It is not plausible that the jury misunderstood the jury instructions and actually convicted petitioner of the enhancement based only on the Count One conspiracy charge.

Petitioner's second *pro se* argument fares no better. Mr. Pannell argues that because the jury could have found him guilty of Count Two based on aiding and abetting liability, he was improperly convicted of a 924(c) offense based solely on conspiracy under a *Pinkerton*[4] theory of liability. Indeed, the Second Circuit recently rejected Mr. Pannell's exact argument. In *United States v. Blanco*, 811 Fed. App'x 696 (2d Cir. 2020), the Second Circuit concluded that a conviction for bank robbery could serve as a § 924(c) predicate where the jury had been instructed that it could find the defendant guilty under *Pinkerton*. "Even if the jury found [the defendant] liable for bank robbery based on *Pinkerton*," the Court reasoned, ". . . that would not somehow transform her conviction for *substantive* bank robbery into one for bank robbery *conspiracy*, implicating the residual-clause concerns explored in *Davis* and this Court's

---

[4] Under the *Pinkerton* doctrine, "a jury [may] find a defendant guilty on a substantive count without specific evidence that he committed the act charged if it is clear that the offense had been committed, that it had been committed in the furtherance of an unlawful conspiracy, and that the defendant was a member of that conspiracy." *United States v. Miley*, 513 F.2d 1191, 1208 (2d Cir. 1975) (citing *Pinkerton v. United States*, 328 U.S. 640, 645 (1946)).

subsequent decision in [*Barrett II.*]"   *Blanco*, 811 Fed. App'x at 701 n.2; *see also Lloyd*, 2020 WL 4750241, at *11.

## V.      Conclusion

For the foregoing reasons, Mr. Pannell's motion to withdraw his supplemental brief dated June 4, 2020 is granted, and his two petitions for relief under § 2255 are denied.  Since petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue.  28 U.S.C. § 2253(c)(2).

The Clerk of Court is directed to enter judgment for respondent on each petition.

SO ORDERED.


_____/s/_____
**NINA GERSHON**
**United States District Judge**


August 26, 2021
Brooklyn, New York

11